Spencer, J.
(concurring). I think the evidence shows a conversion of this bond in March or April, 1867.
The court excluded testimony of the value of this bond at any time after March or April, and substantially charged the jury to confine themselves to that time (March or April) in deciding the question of value.
The only error in this case, if any exist, lies in this ruling and charge of the court, and I confine my remarks to that point.
The general rule in trover cases, as established by decisions in the English and American courts, is, “ That the damages are measured by the value of the thing taken or converted.” This rule is subject to qualification and subdivision, by the circumstances of each case, namely, as to the time when value is to be estimated, as to special damage for detention, as to interest on *217 the value, and as to the estimation of value when the property converted has been changed or increased in value after conversion and probably in other respects, but all these variations favor an estimate of the highest value of the article converted, from the time of conversion to the time of trial, or the commencement of the action.
In this State the law is well settled that damages are to be estimated upon the value of the article.
1st. When the value remains fixed, the damages are the value with interest from the time of conversion.
2d. When the value is fluctuating the damages should be the . highest value of the article at any time between the conversion and trial.
The highest value of these bonds between conversion and trial was in March and April, 1867, about the time of their conversion.
Applying the rule of damages as stated, the ruling or the charge of the court in this case worked no injury to the defendant, for if we assume that the testimony excluded might have established a higher value, the plaintiff would have been benefited only, and if a lower value, the defendant would not have been entitled to its consideration'by the jury.
A similar ruling and charge by Judge Woodruff at a trial term in the Common Pleas, in the case of Dana v. Feedler (12 N. Y. Reports, 44), was reviewed by the General Term of that Court and disapproved in part, yet was fully approved and affirmed by the Court of Appeals.
The judgment should be affirmed.